**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIM. CASE NO. |
| | : | 3:15-CR-0174 (JCH) |
| v. | : | |
| | : | |
| ROBERT SHORT, | : | |
| Defendant. | : | |
| | : | APRIL 24, 2020 |
| | : | |

**RULING ON DEFENDANT'S MOTION TO RESCIND ORDER (DOC. NO. 538)**

Defendant Robert Short ("Short") moves this court to rescind its Order, dated

April 9, 2020, to return him to the custody of the Bureau of Prisons ("BOP").  See Motion

to Rescind Order ("Mot.") (Doc. No. 538).  For the reasons that follow, Short's Motion is

denied.

On March 21, 2017, Short pled guilty to Count Twenty-Four of the Indictment

charging him with causing the death of another through the use of a firearm during and

in relation to a crime of violence, in violation of section 924(j)(1) of title 18 of the United

States Code.  See Plea Agreement (Doc. No. 301).  On October 4, 2017, the court

sentenced Short to a sentence of 30 years' imprisonment.  See Judgment (Doc. No.

373).  The court also imposed five years' supervised release, and several Special

Conditions of Supervised Release.  See id.

On December 23, 2019, the Second Circuit vacated four of these Special

Conditions, and remanded the case to this court for resentencing.  See Mandate (Doc.

No. 513).  This court then issued a writ to bring Short to this District for resentencing.

See Notice (Doc. No. 515).  Short was subsequently transferred to the Donald W. Wyatt

Detention Facility ("Wyatt") to await resentencing in accordance with the Circuit's

1

Mandate on April 7, 2020.  See Notice (Doc. No. 531).  Following the outbreak of

COVID-19, and the General Orders of the United States District Court for the District of

Connecticut, dated March 24, 2020, Short moved to continue resentencing until he

could physically appear in court.  See Objection (Doc. No. 535).

On April 9, 2020, the court granted Short's Motion and entered the following

Order:

> The defendant was transferred from his designated BOP facility to Wyatt
> Detention Center in order to appear for resentencing pursuant to a
> Mandate of the Court of Appeals (Doc. No. 513). In accordance with the
> General Orders of the District of Connecticut, re: COVID-19 virus, the
> court does not foresee the commencement of in court proceedings for
> many months, likely well into the fall. Further, the court notes that
> defendant is serving a 30 year sentence, and the remand relates solely to
> terms of conditions of supervised release.
>
> Therefore, the court orders the Bureau of Prisons to redesignate or return
> the defendant to his initial BOP facility until such time that the court deems
> it safe to hold the resentencing hearing and, at that time, will order that the
> defendant be transported back to Connecticut.

Order (Doc. No. 536).  Following this Order, Short refused to board the bus that would

return him to a BOP facility.[1]  In the instant Motion, Short opposes this Order.

The court denies Short's Motion.  As a preliminary matter, the court finds the

arguments Short presents in support of his Motion to be unavailing.  Short requests this

relief "because of his fear of contracting the COVID-19 while in transportation to [his

BOP-designated facility]."  Mot. at 1.  Short asserts that he suffers from asthma, and

argues that "this unique medical condition makes him susceptible to contracting this

fatal disease while being transported."  Id. at 2.  According to the Center for Disease

---

[1] The court understands that one bus leaves Wyatt each week to transfer inmates to a holding facility for a quarantine period of 14 days.  Short would then be transported from this facility to his BOP-designated facility.

Control and Prevention, people with "moderate to severe" asthma may be at increased

risk of getting very sick from COVID-19.[2]  The severity of Short's asthma is unclear.

There is nothing before the court to support his claim.  Indeed, the Presentence Report

(dated June 26, 2017) notes that Short previously experienced occasional migraines

and that "currently he has no medical issues and he is not prescribed any medication."

See Presentence Report ("PSR") (Doc. No. 319), ¶ 76.  Short is a 33-year-old man and,

with the exception of his passing reference to asthma, appears to be in excellent health.

The court concludes that Short does not present compelling circumstances warranting

the relief he seeks.

Furthermore, granting Short's Motion would result in Short's presence at Wyatt

for a significant period of time—at least six months, and likely much more.  In light of the

COVID-19 pandemic, and the General Orders of the District of Connecticut, few

sentencings are proceeding at this time.  The court already has on its docket more than

40 criminal defendants awaiting sentencing.[3]  These sentencings are ones that must be

conducted in person, see Fed. R. Crim. P. 43(a), as there are no compelling reasons to

conduct them over videoconference,  see General Order re CARES Act Authorization

(Mar. 29, 2020) (allowing felony sentencings to proceed where a judge determines that

further delay "would cause serious harm to the interests of justice").

---

[2] The seriousness of asthma as a risk factor is unclear.  The Center for Disease Control and Prevention, as of April 2, has advised that people with "moderate to severe" asthma may be at increased risk of getting very sick from COVID-19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last accessed Apr. 23, 2020).  More recent data suggests that, despite such warnings, asthma is underrepresented in the comorbidities reported for patients with COVID-19.  See Danny Hakim, Asthma Is Absent Among Top Covid-19 Risk Factors, Early Data Shows, N.Y. TIMES, Apr. 16, 2020, available at: https://www.nytimes.com/2020/04/16/health/coronavirus-asthma-risk.html (last accessed Apr. 23, 2020).

[3]  This figure does not include the many more defendants awaiting changes of plea, trial, or other pretrial proceedings.  The court has 23 defendants awaiting trial.

Short is currently held at Wyatt awaiting resentencing on four of his special conditions of supervised release.  See Mandate (Doc. No. 513).  He is serving a 360-month prison sentence, with an estimated date of discharge of May 25, 2043.  In light of this, the undersigned views Short's resentencing as among the lowest priority when compared to the scores of sentencings pending on the docket and awaiting scheduling.  Further, Short will suffer no prejudice if this resentencing does not take place until 2021, or even 2030; the resentencing affects only his conditions of supervised release, which will commence in the 2040's.  Granting Short's Motion would therefore likely result in Short's presence at Wyatt for a significant period of time, and denying his Motion will not prejudice him.  Therefore, the court determines that Short should be returned to his BOP-designed facility, where he can avail himself of the facility's various programs that Wyatt—a facility for pretrial detainees—largely lacks.

As noted above, the court has already issued an Order directing Short to be returned to his BOP-designed facility (Doc. No. 536), and, according to the United States Marshals, Short has refused to comply.  The United States Marshals have requested an Order directing Short to get into the transport, and, upon Short's failure to comply, to use reasonable force to carry out this court's Order.  In light of this court's denial of the instant Motion, a separate Order to this effect will enter.

**SO ORDERED.**

Dated this 24th day of April 2020 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge